IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA					PLAINTIFF

v.					No. 0:05CR20067-002

JUAN G. PEDRAZA					DEFENDANT

## **ORDER**

Comes on for consideration defendant Juan G. Pedraza's motion to compel and for emergency hearing. (Doc. 92). The government has responded (Doc. 95-1). Trial is scheduled for November 29, 2005.

Pedraza seeks the pretrial identity of confidential informants and cooperating co-defendants, the prior record of the confidential informants as well as their citizenship status, and any plea agreements or promises of leniency involving the cooperating individuals.

According to the response to motion, the United States has provided Pedraza a video recording of January 7, 2005, allegedly showing him distributing methamphetamine to two clearly visible confidential informants; an audio recording of January 11, 2005, made during a alleged distribution of methamphetamine by Pedraza to the same informants; copies of videotapes of alleged drug trafficking by co-defendants; redacted copies of cooperating defendants' interviews along with reports of interviews dealing with other cooperating

defendants; copies of laboratory results of drug analysis of several drug samples; and, copies of Pedraza's criminal history.

The government contends that of the 10 confidential informants it has identified in its preliminary witness list, only the two confidential informants shown in the video and audio records deal with the substantive distribution counts in the indictment against Pedraza. Further, of the five cooperating defendants, only two of them, who are well-known to Pedraza, will testify concerning the amounts of drugs they were caught with and that the drugs came from Pedraza. The government further contends that on direct examination at trial, it will explore any plea agreement or other offer of assistance, as well as felony convictions.

I find that Pedraza is aware of the identities of the confidential informants and cooperating defendants who will testify against him at trial regarding the substantive counts of the indictment. These are the witnesses who allegedly were active participants or witnesses to the alleged wrongdoing and Pedraza has not shown pretrial entitlement to the names of other confidential informants/cooperating defendants.

Further, the government's expressed intention to inquire on direct examination as to any plea agreement or other offer of assistance and to inquire into felony convictions is adequate for discovery purposes and defendant has not shown a need for pretrial disclosure. If any plea agreement or other offer of assistance has been reduced to writing, these writings should be provided Pedraza after direct examination and, as to felony convictions, Pedraza should be provided rap sheets of witnesses after their direct examination. Regarding citizenship status, this information should be inquired into on direct and/or provided after direct examination, if known.

AO72A
(Rev. 8/82)

In accordance with the above, Juan G. Pedraza's motion for pretrial disclosure is denied. In addition, the motion for emergency hearing is denied. This court holds hearings to obtain testimony and otherwise expects attorneys to set out the relevant facts and applicable law in their briefs.

SO ORDERED THIS 10TH DAY OF NOVEMBER, 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)